**STATE of Minnesota, Respondent,**

v.

**Anthony Harold HOLM, Appellant.**

**No. 81–798.**

Supreme Court of Minnesota.

July 30, 1982.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, William M. Gustafson, County Atty., St. Peter, for respondent.

---

TODD, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the second degree and assault in the third degree, Minn.Stat. §§ 609.343, 609.223 (1980). The trial court stayed imposition of sentence and placed defendant on 15 years probation, with probation to commence on defendant's discharge from his civil commitment to the State Security Hospital and with probation conditioned upon defendant's paying restitution, commencing immediately, in the amount of $1,554. The trial court also directed that defendant be returned to the court for imposition of further conditions of probation once he was discharged and the probation actually commenced. On appeal from judgment of conviction, defendant contends that the trial court erred in determining that he was competent to stand trial and in ordering him to begin making restitution immediately as a condition of a probationary term that did not begin to run immediately. We affirm the convictions but remand for re-sentencing.

Defendant, while a patient at the State Hospital in St. Peter, sexually assaulted a state employee from the Twin Cities who was on the hospital grounds examining the dam as part of a state inventory of dams.

A psychologist and a psychiatrist examined defendant to determine his competency to stand trial. The psychologist reported to the court that defendant was competent, whereas the psychiatrist reported that defendant was not competent. In concluding that defendant was competent to stand trial, the trial court relied on the report of the psychologist as well as on other factors, including the court's own observations of defendant. Our examination of the record satisfies us that there was an adequate evidentiary basis for the court's conclusion.

We agree with the defendant that a trial court, in staying imposition of sentence and placing a defendant on probation for the statutory term, may not make *immediate* restitution a condition of the probation if, as here, the commencement of probation is deferred. However, defendant should have brought this matter to the attention of the trial court in the first instance. In order to give the trial court an opportunity to address this issue, we remand for further proceedings.

Convictions affirmed; remanded for re-sentencing.